**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-7566**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

         v.

KEVIN MCDONALD,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, Chief District Judge. (3:04-cr-00255-JRS-2)

Submitted: April 19, 2012            Decided: May 9, 2012

Before MOTZ, DUNCAN, and KEENAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Kevin McDonald, Appellant Pro Se. Stephen Wiley Miller, Elizabeth Wu, Assistant United States Attorneys, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On June 9, 2011, the district court entered an order denying Kevin McDonald's "host of frivolous Motions." In its order, the district court denied both criminal and civil motions. Parties in a civil action in which the United States is a party have sixty days following a final order in which to file a notice of appeal. Fed. R. App. P. 4(a)(1)(B). The only exceptions to the appeal period are when the district court extends the time to appeal based upon excusable neglect or good cause under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). In contrast, parties in a criminal action have only fourteen days to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A). With or without a motion, the district court may grant an extension of time to file a notice of appeal of up to thirty days upon a showing of excusable neglect or good cause. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

McDonald filed his notice of appeal, at the earliest, sixty-eight days after the district court entered judgment. See Houston v. Lack, 487 U.S. 266, 276 (1988) (noting that a prisoner "files" a notice of appeal on the date he submits the notice to prison officials for mailing). Thus, McDonald's notice of appeal was filed after both the civil and criminal appeal periods had expired, as well as after the expiration of

2

the criminal excusable neglect period.  McDonald has not moved for an extension or reopening of the appeal period.  We conclude that McDonald's notice of appeal was untimely filed, and we therefore dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

DISMISSED